PRICE J. DRAPER, Appellant, v. STATE OF DELAWARE, Appellee.

(*January* 12, 1961.)

SOUTHERLAND, C. J., WOLCOTT and BRAMHALL, J. J., sitting.

Defendant, *pro se*, appellant.

*Murray M. Schwartz*, Deputy Attorney-General, for appellee.

Supreme Court of the State of Delaware, No. 39, 1959.

BRAMHALL, J.:

On December 8, 1958, defendant was arrested for committing a burglary at the place of business of White Brothers Supply, Middletown, in New Castle County, by two members of the State Police. Defendant passed the motor vehicle of the State Police on State Highway 13 on the right and proceeded to turn off onto South Heald Street. The State Police attempted to stop defendant, who made a quick turn to the right, ran across part of a service station lot, through a picket fence and into a parked vehicle. Defendant jumped out of the car which he was operating and fled on foot, the police officers in pursuit. Defendant was caught by the police officers and taken into custody. Upon returning to defendant's car with defendant, the police officers found 33 batteries, 6 pad-

locks, 2 typewriters, an adding machine and miscellaneous hand tools. It developed that all of these articles were taken from the place of business of White Brothers, the front door of their establishment having been broken open, the glass cracked, the padlock forced and numerous chisel and pry marks found on the door and door frame. Defendant at first refused to admit his identity, but later, in the presence of his parents, admitted the same.

Counsel was appointed for defendant by the Superior Court on December 12, 1959. A few days thereafter defendant wrote to Judge Stiftel, directing him to discharge counsel appointed to represent him, stating that he intended to "get another attorney". Judge Stiftel complied with defendant's request, advising defendant that no new counsel would be appointed to represent defendant unless defendant should later so request. On March 13, 1959, defendant was arraigned and pleaded not guilty. On April 23, 1959, defendant was tried before a judge and jury and convicted.

No request was later made by defendant for the appointment of counsel. No application was made for a continuance of the trial. Although defendant contended there were others in the car with him, he was either unable or unwilling to give their names to either the Attorney General or the county or state where they might be located. The police officers testified unequivocally that there was no one other than defendant in the car at the time of his apprehension. On June 24, 1959, defendant filed a notice of appeal to this Court. On September 14, 1960, defendant wrote to the Clerk of this Court setting forth two reasons in support of his appeal. On September 21, 1960, this Court directed the Attorney General's office to consider defendant's letter to the Clerk of this Court as defendant's opening brief. In due course defendant was supplied with a copy of the trial transcript.

As we understand from defendant's letter which this Court accepted as a brief and from defendant's oral argu-

ment before this Court, the basis of defendant's contentions as to why his conviction should be reversed and a new trial awarded is as follows: (1) Defendant was not given an opportunity to produce the medical testimony which he needed: (2) defendant was not given an opportunity to produce witnesses and procure counsel; (3) the copy of the transcript furnished defendant was not certified; (4) defendant was prejudiced by the fact that the jury had knowledge of his prior conviction.

We are completely at a loss to find the slightest merit in any of these objections.

■ As to defendant's first objection that he was not given an opportunity to produce medical testimony, the record does not disclose what medical testimony defendant required or what he expected to prove by it or that it was in any way pertinent to his case. The record further fails to disclose that the defendant ever made any request at any time before or during the trial of his case for permission to produce such testimony. No such reason was ever given for any motion for a continuance. This objection is clearly without merit.

■ Defendant's contention that he was not given an opportunity to subpoena witnesses for the trial appears to have no basis in fact. In any event, the failure to subpoena witnesses on his behalf lies at his own door. The witnesses which defendant alleged that he required were supposed to have been in the car with defendant immediately prior to his arrest. The police officers who were in hot pursuit of defendant testified categorically that there was no one in defendant's car other than defendant. The record does not disclose that defendant made any request that witnesses be subpoenaed on his behalf. Assuming that such a request was made, it is clear that defendant did not furnish the Court or the Attorney General with the names and addresses of these witnesses. Defendant himself admits that he did not know their names or addresses or where they might be located.

When we consider this objection against the positive testimony of the police officers, the inference from which is that no such witnesses ever existed, defendant's objection appears to be fanciful and wholly without merit.

█ As to defendant's contention that the copy of the transcript furnished him was not certified as correct, there is no contention that this was not a correct copy of the trial record of his case, nor was there any showing that defendant was prejudiced in any way by the fact that the copy furnished him was not signed by the Court Stenographer. Moreover, the record shows that the original transcript on file as a part of the record in this case was properly certified. This objection is also without merit.

█ As to defendant's prior conviction, there is no evidence at all showing that the jury had any knowledge of any such prior conviction or that defendant was in any manner prejudiced at the trial by his being confined to jail for such conviction. To the contrary, the record shows that at the trial every effort was made, both by the Court and the Attorney General, to see that defendant received a fair trial. The Court, of its own motion, appointed able counsel to aid defendant in drawing a jury. During the trial both the Court and the Attorney General were careful to see that defendant understood the effect of developments as the trial progressed. The Court also cautioned the Attorney General against offering hearsay testimony, although no such testimony had been offered in evidence. The Attorney General waived his right of summation. After conviction, defendant was instructed fully by the Court as to his right to file a motion for a new trial.

█ Defendant complains that he was prejudiced because he was without counsel. The record shows that defendant, nevertheless, received a fair trial. In any event, his failure to have counsel to represent him at the trial was a matter of his own doing.

Counsel was appointed by the Court to represent defendant at the trial. He was discharged by the Court at the request of defendant. Defendant was further advised that no further appointment of counsel would be made except on defendant's request. Defendant made no such request.

It is clear that this is not a case of failure on the part of the State to take affirmative action leading to the appointment of counsel for defendant. Defendant proceeded with his own appeal by notifying the Clerk of this Court that he was taking an appeal. He received a copy of the transcript of the record. At the request of the Clerk, defendant furnished his reasons as to why a new trial should be granted. When, by his own choice, a defendant is tried without counsel acting for him, he cannot later take advantage of his refusal of the opportunity to select counsel or to have counsel appointed for him. *Commonwealth v. Hanley*, 337 *Mass.* 384, 149 *N. E.* 2d 608, 66 *A. L. R.* 2d 222, *certiorari* denied 358 *U. S.* 850, 79 *S. Ct.* 79, 3 *L. Ed.* 2d 85. See also *Johnson v. Zerbst*, 304 *U. S.* 458, 58 *S. Ct.* 1019, 82 *L. Ed.* 1461.

We find the objections raised by defendant to be entirely without merit. An examination of the record discloses that defendant received a fair trial and was convicted upon evidence which was overwhelming. We see no reason to set aside this conviction.

The judgment of the Superior Court will be affirmed.